# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY DORIA, | CASE NO. 1:03-CV-5824-REC-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| S. TERRELL, et.al., | (Doc. 21) |
| Defendants. / | |

A.  <u>Procedural History</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed October 8, 2003, against defendants S. Terrell, M. Fogelman and Klarich for depriving plaintiff of medical care in violation of the Eighth Amendment and for requiring plainitff to perform work despite his medical condition. Plainitff's complaint contains thirteen claims. On January 26, 2006, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant S. Terrell ("defendant") filed a motion to dismiss the sixth cause of action for failure to state a claim. Plaintiff filed an opposition to the motion on February 8, 2006. Defendant filed a reply on February 10, 2006.

B.  <u>Legal Standard</u>

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the

1  light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.
2  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system
3  is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule
4  8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of
5  which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002);
6  Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement
7  of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a
8  statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds
9  upon which it rests."  Swierkiewicz, 534 U.S. at 512.

10      A court may dismiss a complaint only if it is clear that no relief could be granted under any
11 set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary
12 judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious
13 claims."  Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the
14 claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the
15 pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353
16 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
17 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
18 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
19 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears
20 beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him
21 to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.
22 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th
23 Cir. 1981).

24      C.    Discussion

25      Defendant argues that the sixth cause of action, which alleges that defendants failed to
26 provide adequate medical care to plaintiff, fails to state a claim against him because plaintiff fails
27 to allege anywhere in the complaint that defendant was involved in any way in plaintiff's health care.
28

In his amended complaint, plaintiff alleges that he suffers from an "acute and chronic medical condition (back injury)." Amended Complaint, 2:26-28. He states that on January 22, 2003, he was assigned to the vocational upholstery job at Pleasant Valley State Prison and when he presented his light duty chrono to defendant Terrell, defendant told him that he must report to his assignment regardless of his serious medical condition or he would receive a rules violation. Amended Complaint, 3:2-6. On March 7, 2003, plaintiff obtained a chrono stating that he was temporarily unassigned due to a medical condition. Amended Complaint, 3:10-17. Plaintiff presented this chrono to defendant Terrell, who stated "your [sic] stuck there." Amended Complaint, 3: 21-26. Defendant Terrell told plaintiff that his medical problems were not that serious. *Id*. In April 2003, Terrell told plainitff that his instructor was not authorized to place plainitff on excused time off. Amended Complaint, 3:27-28 - 4:1.

Plaintiff's sixth claim for relief states in pertinent part, "Defendant Terrells [sic], defendant Fogelman and defendant Klarich's actions in failing to provide adequate medical care for the plainitff violated, and continues to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution." Amended Complaint, 8:24-27.

Plaintiff asserts that defendant Terrell, his work supervisor, ignored his light duty and temporary unassigned chronos. However, plaintiff has not alleged that Terrell was deliberately indifferent to his medical needs. Indeed, plaintiff does not allege that he ever sought medical treatment from Terrell or that Terrell ever denied him treatment. Plaintiff merely alleges that Terrell required him to remain working despite his light duty chrono.

Accordingly, given the allegations in the complaint, plaintiff's sixth claim for relief, which is limited to the denial of medical care, fails to state a claim against defendant Terrell. The Court therefore RECOMMENDS that defendant's motion to dismiss the sixth claim be granted. The Court does not recommend that leave to amend be granted because plaintiff was already granted the opportunity to file an amended complaint and was given the applicable standards for an Eighth Amendment claim for denial of medical care.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

1 **days** after being served with these Findings and Recommendations, the parties may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5 1153 (9th Cir. 1991).

6      IT IS SO ORDERED.

7      **Dated:   June 13, 2006**　　　　　　　　　**/s/ Dennis L. Beck**
　3b142a　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE